UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| **VICKIE CHARLENE CRAIN,** | **CIVIL ACTION NO. 5:14-101-KKC** |
|     **Plaintiff,** | |
| **V.** | **MEMORANDUM**<br>**OPINION AND ORDER** |
| **CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY,** | |
|     **Defendant.** | |

\*\*\* \*\*\* \*\*\*

This matter is before the Court for consideration of cross-motions for summary judgment. (DE 10; DE 11). Plaintiff Vickie Charlene Crain brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial relief of an administrative decision of the Commissioner of Social Security denying her claim for Supplemental Security Income ("SSI"). The Court having reviewed the record will remand the Commissioner's decision for the reasons set forth below.

## I. OVERVIEW OF THE PROCESS

The Social Security Act requires the administrative law judge ("ALJ"), acting on behalf of the Commissioner, to follow a "five-step sequential process" for adjudicating claims of disability. *Engebrecht v. Comm'r of Soc. Sec.*, 572 F. App'x 392, 394 (6th Cir. 2014).

First, a claimant must demonstrate that she is not engaged in "substantial gainful activity" at the time she seeks disability benefits. *Id.* at 395. Second, a claimant must show that she suffers from one or more "severe impairments." *Id.* A "severe impairment" is any

impairment which "significantly limits [a claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). Third, if the claimant "'is not performing substantial gainful activity, has a severe impairment that is expected to last for at least [the durational requirement], and the impairment meets a listed impairment, [she] is presumed to be disabled regardless of age, education or work experience.'" *Engebrecht*, 572 F. App'x at 395 (quoting *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001)). Fourth, the claimant must prove that her impairment prevents her from doing her past relevant work. *Engebrecht*, 572 F. App'x at 395. At the fifth step, the burden shifts to the Commissioner to establish that the claimant's impairment does not prevent her from doing other work in the national economy. *Id.*

If, at any step in the process, the ALJ concludes that the claimant is or is not disabled, then the ALJ can complete the "determination or decision and [the ALJ] do[es] not go on to the next step." 20 C.F.R. § 404.1520(a)(4). The claimant bears the burden of proof through the first four steps of the analysis; and, the claimant must, in order to satisfy her burden of proof, provide sufficient facts to find in her favor. *Wright-Hines v. Comm'r of Soc. Sec.*, 597 F.3d 392, 396 (6th Cir. 2010). The ALJ may not, however, "cherry-pick[] select portions of the medical record" to find the claimant not disabled. *Minor v. Comm'r of Soc. Sec.*, 513 F. App'x 417, 435 (6th Cir. 2013).

## II. PROCEDURAL BACKGROUND AND THE ADMINISTRATIVE DECISION

Crain filed her claim for SSI on April 29, 2010 and at the hearing held on May 11, 2012 changed her alleged onset date to April 29, 2010. (Tr. at 30.) The agency denied her application initially and on reconsideration. (Tr. at 93, 108.) Crain requested review by an ALJ, and the ALJ held two hearings. (Tr. at 27–43, 44–72.) The ALJ specifically postponed the first hearing so that Crain could "get an updated pulmonary function study," and

Crain's pulmonologist conducted another study in August 2012 (Tr. at 41, 775–76). After the ALJ held a second hearing on October 17, 2012, the ALJ issued an unfavorable decision. (Tr. at 7–21.)

At the time the ALJ rendered his decision, Crain was forty-five years old. She has an eighth-grade education and no past relevant work. (Tr. at 55, 65.) Crain alleges disability due to chronic obstructive pulmonary disease ("COPD"), back pain, hypertension, bilateral hip pain, bipolar disorder, anxiety disorder with panic attacks, and personality disorder. (Tr. at 293.)

At the first step, the ALJ determined that Crain has not engaged in substantial gainful activity since her alleged onset date of April 29, 2010. (Tr. at 12.) At the second step, the ALJ found that Crain suffers from the following severe impairments: "[COPD], history of back and neck pain, hypertension, bilateral hip pain, bipolar disorder, anxiety disorder with panic attacks, and personality disorder with obsessive compulsive and borderline traits." (Tr. at 12.) At the third step, the ALJ concluded that Crain does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (Tr. at 13–15.) The results of Crain's August 2012 pulmonary function study found that her respiratory limitations would meet the listing requirement under 20 C.F.R. § 404, subpt. P, app. 1, § 3.02 for individuals taller than 60 inches; however, the ALJ determined that Crain's height is 60 inches. (Tr. at 13.)

Next, the ALJ reviewed the record to determine Crain's residual functional capacity ("RFC"). RFC assesses a claimant's maximum remaining capacity to perform work-related activities despite the physical and mental limitations caused by the claimant's disability. 20 C.F.R. § 416.945(a)(1). In finding Crain's RFC, the ALJ considered all symptoms in light of the objective medical evidence and other relevant evidence, including the following: (1)

3

daily activities; (2) location, duration, frequency, and intensity of symptoms; (3) precipitating and aggravating factors; (4) type, dosage, effectiveness, and side effects of any medication; (5) additional treatment; (6) additional measures used to relieve symptoms; and (7) other factors concerning functional limitations and restrictions due to symptoms. 20 C.F.R. § 416.929; SSR 96-4p, 1996 WL 374187 (July 2, 1996); SSR 96-7p, 1996 WL 374186 (July 2, 1996). The ALJ also considered the relationship between Crain and the doctors providing medical opinions; the supportability and consistency of the medical opinions with the entire record evidence; medical specialization; and other opinion evidence. 20 C.F.R. § 416.927; SSR 06-3p, 2006 WL 2329939 (Aug. 9, 2006); SSR 96-2p, 1996 WL 374188 (July 2, 1996); SSR 96-5p, 1996 WL 374183 (July 2, 1996); SSR 96-6p, 1996 WL 374180 (July 2, 1996).

After reviewing all the record evidence, the ALJ determined that Crain has the RFC to perform light work with numerous limitations. (Tr. at 15.) "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds . . . [and may] require[] a good deal of walking or standing, or . . . [sitting and manipulating] arm or leg controls." 20 CFR § 416.967(b). The ALJ found that the following limitations applied:

> [S]tanding no more than 2 hours at a time and walking no more than 10 minutes at a time; sitting 6 hours in an 8-hour day; no work-related climbing; occasional stooping and crouching; never crawling; occasional overhead reaching and no overhead lifting; avoidance of even moderate exposure to temperature extremes and humidity; avoidance of concentrated exposure to vibration; avoidance of even moderate exposure to dusts, odors, fumes, gases, etc.; avoidance of all exposure to unprotected heights; limited to simple, repetitive tasks; able to have brief, superficial contact with coworkers and supervisors in a nonpublic work setting; and requires an object-focused work setting.

(Tr. at 15.)

At the fourth step, the ALJ noted that Crain has no past relevant work. (Tr. at 19.) The ALJ moved to the fifth step and asked the vocational expert ("VE") whether a hypothetical individual with Crain's education, experience, and RFC could perform any jobs available in the regional and national economy, and the VE stated that this hypothetical individual could perform the following jobs: assembly, inspector, sedentary surveillance monitor, and sedentary assembly. (Tr. at 67.) Therefore, the ALJ found Crain not disabled. (Tr. at 20–21.)

The ALJ's decision that Crain was not disabled from April 29, 2010 through December 6, 2012 became the final decision of the Commissioner when the Appeals Commission subsequently denied Crain's request for review on January 29, 2014. (Tr. at 1–4.) Crain has exhausted her administrative remedies and filed a timely action in this Court. This case is now ripe for review under 42 U.S.C. § 405(g).

## III. GENERAL STANDARD OF REVIEW

"This court's review of the Commissioner's decision is limited to determining whether it is supported by substantial evidence and was made pursuant to proper legal standards." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Smith-Johnson v. Comm'r of Soc. Sec.*, 579 F. App'x 426, 431 (6th Cir. 2014) (internal quotation omitted). This court must look at the record as a whole, and "[t]he court 'may not focus and base [its] decision entirely on a single piece of evidence, and disregard other pertinent evidence.'" *Sias v. Sec'y of H.H.S.*, 861 F.2d 475, 479 n.1 (6th Cir. 1988) (alteration in original) (quoting *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978)).

**IV. ANALYSIS**

The ALJ's determination that Crain does not meet a listing is flawed. The ALJ ignored the clinical findings of every treating physician in finding Crain too short to meet the listing requirement, and the ALJ failed to properly evaluate Crain's COPD.

The ALJ must consider all objective medical evidence in the record. *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 723 (6th Cir. 2014). Objective medical evidence includes anatomical, physiological, or psychological abnormalities that can be shown by medically acceptable laboratory diagnostic techniques. 20 C.F.R. § 404.1512(b)(1); 20 C.F.R. § 404.1528(c). Objective medical evidence does not include unverified statements from a claimant. *See* 20 C.F.R. § 404.1512(b)(1); 20 C.F.R. § 404.1528(a).

Additionally, the ALJ must follow the Social Security regulations and rulings to determine whether a claimant is disabled. *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007). Failure to follow the pertinent regulations and rulings "where that error prejudices a claimant on the merits or deprives the claimant of a substantial right" requires remand. *Id.* "Step three asks about the severity of the impairment, which involved not only periods of improvement but also the *trajectory* of the illness." *Gentry*, 741 F.3d at 723 (emphasis added) (citations omitted).

Listing 3.02A establishes the forced expiratory volume ("FEV1") levels necessary to find a claimant disabled. 20 C.F.R. § 404, subpt. P, app. 1, § 3.02A. The FEV1 levels correspond to a claimant's height. A claimant 60 inches or less is disabled if her FEV1 is equal to or less than 1.05, and a claimant 61 to 63 inches is disabled if her FEV1 is equal to or less than 1.15. *Id.* At the August 2012 pulmonary function study ordered by the ALJ, Crain's FEV1 was 1.08. (Tr. at 775.)

The ALJ determined that Crain did not meet the listing requirement in 3.02 for two reasons. First, the ALJ found that Crain was only 60 inches tall. (Tr. at 13.) Second, the ALJ noted that Crain's September 2010 and June 2012 pulmonary function studies did not meet the listing requirement. (Tr. at 13.) These rationales contradict Social Security regulations and rulings.

1. <u>Crain is taller than 60 inches.</u>

After reviewing all of the record evidence, the ALJ determined that Crain was not credible; concluded that Dr. Deidre Parsley's medical opinions and findings deserved "significant weight;" and credited the physical examinations of Dr. Naushad Haziq, former primary care physician Dr. Stephen Draper, pulmonologist Dr. Rajan Joshi, and licensed clinical psychologist Cristi Hundley, Ph.D. (Tr. at 16–19.)

Of these sources, only Crain—providing an unverified statement and whom the ALJ determined not to be credible—listed her height as 60 inches. (Tr. at 218.) *Every* treating source found her to be taller than 60 inches. (*See, e.g.*, Tr. at 300, 302, 303, 305, 424 (family physicians finding Crain to be 61 inches tall); Tr. at 702, 763–66, 772, 775, 776 (Dr. Joshi finding Crain to be 63 inches tall).) And Drs. Parsley, Haziq, Draper, Joshi, and Hundley all found that Crain was at least 61 inches tall. (Tr. at 300, 302, 303, 305, 431, 437, 440, 448, 702, 742, 763–66, 772, 775, 776; *but see* Tr. at 401, 468, 553, 569, 577, 594, 641, 709, 714, 727 (emergency room reports providing inconsistent measurements of Crain's height that vary between 60 and 61 inches).)

Notably, Dr. Parsley—whom the ALJ relied upon to find Crain's RFC and declared that her opinion and findings deserved "significant weight"—stated that Crain is 62 inches tall, and Dr. Joshi—Crain's treating physician—stated that Crain is 63 inches tall. (Tr. at 702, 742, 763–66, 772, 775, 776.) It is especially troubling that the ALJ ignored Dr. Joshi's

August 2012 pulmonary function study—the medical test that the ALJ ordered and postponed Crain's hearing for five months to receive and analyze—that states Crain's height is 63 inches tall, Crain's FEV1 is 1.08, Crain's maximum voluntary ventilation is likely 37% of her lung capacity, Crain's airways are severely restricted, and that Crain gave a "good effort" on the test and was cooperative. (*Compare* Tr. at 15–19, *with* Tr. at 775–76.)

Therefore, the ALJ erred in cherry-picking the few records—none of which came from a treating source or source that received "significant weight"—that listed Crain's height as 60 inches. *See Minor*, 513 F. App'x at 435. Such selective parsing of the record prejudiced Crain and warrants remand. *See id.*; *Germany-Johnson v. Comm'r of Soc. Sec.*, 313 F. App'x 771, 777 (6th Cir. 2008); Tr. at 742.

2. <u>Although Crain's earlier FEV1 results did not meet the 3.02 Listing, Crain meets the Step Three durational requirement.</u>

A claimant can be found disabled at the third step if she has an impairment that meets or equals one of the listings *and* if she meets the durational requirement. 20 C.F.R. § 404.1520(a)(4)(iii). Both the listings and the durational requirement are found in appendix 1. 20 C.F.R. § 404.1520(d).

Appendix 1 to Subpart P, states that "chronic disorders of the respiratory system generally produce irreversible loss of pulmonary function." 20 C.F.R. § 404, subpt. P, app. 1, § 3.00A. Unlike other impairments, the regulations clearly note that a severe impairment due to COPD does not include a specific durational requirement. *Compare id.*, § 3.02A (COPD), *with id.*, §§ 1.00B (musculoskeletal system), 2.00B (hearing loss and cochlear implants), 3.03B (asthma attacks), 3.04B (frequency of illnesses resulting from cystic fibrosis), 4.00A (cardiovascular impairments), 5.00D (chronic liver disease), 5.02 (gastrointestinal hemorrhaging), 5.09 (liver transplantation), 6.00B (genitourinary

disorders), 7.00B (hematological disorders), 8.00C (skin disorders), 11.02 (epilepsy), 11.04 (central nervous system vascular accident), 12.00C (mental disorders), 13.00E (malignant neoplastic diseases), 14.00I (immune system disorders).

Therefore, Crain's non-listing level FEV1 scores in September 2010 and June 2012 do not preclude disability. 20 C.F.R. § 404.1520. The ALJ erred in determining that Crain did not meet a listing and warrants remand. *See Gentry*, 741 F.3d at 723–24.

## V. CONCLUSION

For the reasons set forth above, the Court hereby **ORDERS** as follows:

1. Plaintiff's motion for summary judgment (DE 10) is **GRANTED** to the extent that she requests remand of this matter;

2. The Commissioner's motion for summary judgment (DE 11) is **DENIED**;

3. The decision of the Commissioner is **REVERSED** pursuant to sentence four of 42 U.S.C. § 405(g) and this matter is **REMANDED** to the Commissioner for proceedings consistent with this opinion; and

4. A judgment consistent with this Memorandum Opinion and Order will be entered contemporaneously.

Dated March 24, 2015.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY